# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CC-00159-COA

LEONARD DARDEN                                                            APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                                  APPELLEE
EMPLOYMENT SECURITY

| | |
|---|---|
| DATE OF JUDGMENT: | 01/03/2024 |
| TRIAL JUDGE: | HON. GRADY FRANKLIN TOLLISON III |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | LEONARD DARDEN (PRO SE) |
| ATTORNEY FOR APPELLEE: | ALBERT B. WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/04/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.    Leonard Darden applied for unemployment benefits with the Mississippi Department of Employment Security (MDES).  After a claims examiner denied Darden's application, Darden failed to appeal from the decision within fourteen days.  Once Darden filed his appeal, an administrative law judge (ALJ) found the appeal was untimely and entered an order denying Darden's requested relief.  MDES's Board of Review upheld the ALJ's determination.  The Chickasaw County Circuit Court then affirmed MDES's order.  Upon review, we also find no error and affirm the circuit court's order upholding MDES's decision to deny Darden's application for unemployment benefits.

**FACTS**

¶2. Darden's employer, South Atlantic LLC, terminated Darden's employment on May 11, 2023. Darden applied for unemployment benefits, and a claims examiner reviewed his case. When interviewed by the claims examiner, South Atlantic's representative provided evidence that Darden had been fired for failing to perform his assigned work duties. After completing all interviews and reviewing the evidence, the claims examiner found that South Atlantic had terminated Darden for work-related misconduct. The claims examiner therefore concluded that Darden was disqualified from receiving unemployment benefits.

¶3. The notice of the claims examiner's decision stated the document was sent to both Darden and South Atlantic on June 23, 2023. The notice informed the parties that they had fourteen calendar days, or until July 7, 2023, to file an appeal or seek reconsideration of the claims examiner's decision. The notice further informed the parties that if an appeal was filed after the fourteen-day deadline, "a hearing [would] be held to determine whether good cause exist[ed] for the filing delay."

¶4. Darden filed his appeal from the claims examiner's decision on July 26, 2023, which fell well outside the fourteen-day deadline. On August 10, 2023, the ALJ conducted a de novo hearing by telephone for the sole purpose of considering the timeliness of Darden's appeal from the claims examiner's decision. During the hearing, Darden acknowledged that when he initially applied for unemployment benefits, he indicated his email address was his preferred method of contact. Darden stated, however, that he was unaware this selection

2

meant he would receive notice of the claims examiner's decision by email. Instead, Darden testified that an MDES employee had told him that he could check the status of his claim online. Darden further testified that he relied on the employee's information, and each time he accessed the online website, the site merely provided that his application was still under review. After about two months had passed, Darden called MDES. At that time, Darden said he learned that his application had been denied and that the deadline for filing an appeal had passed. Darden stated that he nevertheless filed his appeal on the same day he learned about the claims examiner's decision.

¶5. Based on the testimony and evidence, the ALJ found that the notice of the claims examiner's decision had been properly provided to Darden, who then failed to file a timely appeal. The ALJ further found that Darden had not shown good cause for his untimely appeal. As a result, the ALJ dismissed Darden's appeal.

¶6. Darden timely appealed from the ALJ's decision to MDES's Board of Review, which affirmed the ALJ's determination. Darden then timely appealed from the Board of Review's decision to the circuit court. On January 3, 2024, the circuit court entered an order finding the applicable law and substantial record evidence supported the Board of Review's decision. The circuit court therefore affirmed the Board of Review's decision. Aggrieved, Darden appeals.

**STANDARD OF REVIEW**

¶7. In reviewing an administrative agency's decision, we "determine whether the decision

3

was supported by substantial evidence, was arbitrary or capricious, was beyond the agency's power to adopt, or was violative of a constitutional or statutory provision." *Langley v. Miss. State Bd. of Educ.*, 379 So. 3d 352, 363 (¶41) (Miss. Ct. App. 2023) (quoting *Miss. State Bd. of Contractors v. Hobbs Constr. LLC*, 291 So. 3d 762, 769 (¶12) (Miss. 2020)). A rebuttable presumption exists in favor of the agency's decision, and the claimant challenging the agency's decision bears the burden of proof. *Id.*

## DISCUSSION

¶8. Darden does not dispute that he failed to timely appeal the claims examiner's decision denying his application for unemployment benefits. He asserts, however, that he had good cause for failing to timely appeal the decision to the ALJ.

¶9. Our caselaw holds that

> [g]ood cause is established when there is sufficient evidence to show that a party failed to receive the mailing due to delays in the mail or because of an act beyond the party's control. . . . [T]here is a presumption that the majority of mail is delivered on a timely basis. Mere denial that the notice was received, without supporting evidence, fails to constitute good cause for failing to timely appeal.

*Coe L. Firm PLLC v. Miss. Dep't of Emp. Sec.*, 378 So. 3d 445, 452 (¶24) (Miss. Ct. App. 2024) (quoting *Miss. Emp. Sec. Comm'n v. Marion Cnty. Sheriff's Dep't*, 865 So. 2d 1153, 1157 (¶10) (Miss. 2004)).

¶10. During his hearing before the ALJ, Darden acknowledged that when he first applied for unemployment benefits, he voluntarily selected email as his preferred method of contact with MDES. Also, in response to the ALJ's inquiries, Darden confirmed that his provided

4

email address was correct. His testimony further confirmed that he had Internet access and was able to regularly check MDES's website for updates regarding his application. More importantly, Darden never testified that he was unable to access his email account during the relevant time frame between filing his application and learning the claims examiner had denied his application.

¶11. As discussed, "[m]ere denial that the notice was received, without supporting evidence, fails to constitute good cause for failing to timely appeal." *Id.* (quoting *Miss. Emp. Sec. Comm'n*, 865 So. 2d at 1157 (¶10)). Here, Darden did not deny that MDES sent the claims examiner's decision to the email address he designated on his application. Rather, Darden's only defense for his failure to file a timely appeal was that he believed he would receive notice through another avenue of communication, and he therefore simply failed to check his email account for a message about his application status. Thus, Darden attributed his untimely appeal to a misunderstanding, not a lack of actual notice. And other than his own bare assertions, Darden offered no proof to support his claims.

¶12. Upon review, we find the record contains substantial evidence to support MDES's determination that Darden failed to establish good cause for his untimely appeal. We further find substantial evidence to support the agency's decision to deny Darden's application for unemployment benefits. We therefore affirm the circuit court's order upholding MDES's determination.

**CONCLUSION**

5

¶13. Because substantial record evidence supports MDES's determination that Darden untimely appealed from the denial of his application for unemployment benefits, we affirm the circuit court's order upholding the agency's decision.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND ST. PÉ, JJ., CONCUR.**